IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00229-F-1
No. 5:13-CV-00513-F

| | |
|---|---|
| BARRY LEE MILLER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss Or, In the Alternative, For Summary Judgment [DE-469] Barry Lee Miller's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-456]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss Or, In the Alternative, For Summary Judgment is ALLOWED.

**Factual and Procedural Background**

On August 3, 2011, Miller was charged in three counts of a fourteen-count indictment. *See* Indictment [DE-1]. Miller was later charged in three counts of a twelve-count superseding indictment. *See* Superseding Indictment [DE-175]. In Count One of the Superseding Indictment, Miller was charged with conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846. Count Four charged Miller with possession of pseudoephedrine with intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. In Count Five, Miller was charged with possession of equipment, chemicals, and other materials used to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2.

Miller's arraignment was held on November 7, 2011. At his arraignment, pursuant to a written plea agreement [DE-221], Miller pled guilty to Count One of the Superseding Indictment. It was agreed that Counts Four and Five of the Superseding Indictment would be dismissed at sentencing.

On March 2, 2012, the court held Miller's sentencing hearing. The court sentenced Miller to 199 months' imprisonment on Count One.

Miller filed a Notice of Appeal [DE-348] on March 7, 2012. In an order [DE-427] entered on October 9, 2012, the Fourth Circuit Court of dismissed Miller's appeal on the basis that the issue Miller was seeking to raise fell within the compass of his waiver of appellate rights.[1] Miller unsuccessfully petitioned the United States Supreme Court for certiorari.

On July 15, 2013, Miller filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-456]. In his section 2255 motion, Miller argues that he received ineffective assistance of counsel in the following respects: (1) his attorney withdrew the objection to the application of U.S.S.G. § 3B1.1(b); (2) his attorney failed to object to the application of U.S.S.G. § 2D1.1(b)(13)(C)(ii); and (3) his attorney recommended that he enter into a plea agreement with the Government that included a broad waiver of appellate rights. On

---

[1]Miller's plea agreement contained the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to the Defendant at the time of the Defendant's guilty plea.

[DE-221] at 1-2.

2

August 26, 2013, the Government filed a Motion to Dismiss Or, In the Alternative, For Summary Judgment [DE-469].

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## Discussion

### Miller Has Failed to Sufficiently Allege Ineffective Assistance of Counsel.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the

3

burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address each of Miller's ineffective assistance of counsel claims in turn.

### 1. Withdrew the objection to U.S.S.G. § 3B1.1(b)

In his first claim, Miller alleges that his attorney provided ineffective assistance of counsel by withdrawing the objection to U.S.S.G. § 3B1.1(c).[2] [DE-456] at 4; [DE-456-1] at 4-6. Miller contends that his attorney should have maintained the objection to U.S.S.G. § 3B1.1(c) because the enhancement was inapplicable under the facts of his case. [DE-456] at 4; [DE-456-1] at 5. Miller concludes that he was prejudiced by his attorney's conduct because if the objection had been maintained, the court would have likely found the enhancement to be inapplicable and given him a lesser sentence. [DE-456] at 4; [DE-456-1] at 6.

A review of the record reveals that the Presentence Report included a two-level

---

[2] Miller's references to U.S.S.G. § 3B1.1(*b*) in his section 2255 motion seem to be a typographical error.

4

enhancement pursuant to U.S.S.G. § 3B1.1(c) for role in the offense because Miller was an organizer, leader, manager, or supervisor in any criminal activity. PSR ¶ 60. Prior to sentencing, Miller's attorney made the following objection:

> The defendant objects to the 2-level enhancement for being a leader or manager pursuant to 3B1.1(c). The defendant admits that Mayo purchased pseudoephedrine pills and other supplies for him to be used in manufacturing methamphetamine. The defendant contends that Mayo was a willing participant and did these things of her own accord without any "order" from Miller. The defendant and Miller [sic] were involved in a relationship at the time and Mayo routinely used methamphetamine manufactured by the defendant. Mayo did not know how to manufacture methamphetamine and she purchased supplies so she would have methamphetamine for her own use. Therefore, the defendant contends that he was not acting as a supervisor, manager, leader or organizer in the offense and is not deserving of a role enhancement.

Addendum to PSR ¶ 2. At Miller's sentencing hearing, his attorney withdrew his objections to the Presentence Report. *See* March 2, 2012 Transcript [DE-395] at 4.

The court concludes that this claim must fail under *Strickland*. The evidence before the court was that Miller's codefendant Stacy Mayo admitted her involvement in the methampethamine offense and stated that Miller was the "cook." Addendum to PSR ¶ 2. Mayo also reported that at Miller's direction, she purchased pseudoephedrine and other supplies between March of 2010 and June of 2011 so Miller could manufacture methamphetamine. PSR ¶ 19; Addendum to PSR ¶ 2. Thus, because the evidence supported a finding that a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) was warranted, Miller's claim must fail. *See Moore v. United States*, 934 F. Supp 724, 731 (E.D.Va. 1996) (holding that failure to raise a meritless argument can never amount to ineffective assistance). Moreover, the court notes that Miller was specifically asked at his sentencing hearing whether he had any objections to the Presentence Report that his attorney failed to raise. *See* March 2, 2012 Transcript [DE-395] at 6.

Miller responded in the negative. *Id.* Accordingly, Miller's first claim will be dismissed.

### 2. Failed to object to U.S.S.G. § 2D1.1(b)(13)(C)(ii)

Miller alleges in his second claim that his attorney provided ineffective assistance of counsel when he failed to object to the three-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(13)(C)(ii). [DE-456] at 5; [DE-456-1] at 6-7. Miller argues that the enhancement was inapplicable to his case because his conduct did not pose a substantial risk to the environment. [DE-456] at 5; [DE-456-1] at 7. Miller concludes that he was prejudiced by his attorney's failure to object because if his attorney had objected, the court likely would have found the enhancement inapplicable and imposed a lesser sentence. [DE-456] at 5; [DE-456-1] at 7.

Miller's Presentence Report provides that a three-level increase was applicable under U.S.S.G. § 2D1.1(b)(13)(C)(ii) because the offense involved the manufacture of amphetamine or methamphetamine and the offense created a substantial risk of harm to human life other than a life described in subdivision (D) or the environment. PSR ¶ 58.

Miller's claim must fail under *Strickland* because evidence before the court supported a finding that U.S.S.G. § 2D1.1(b)(13)(C)(ii) was applicable to Miller's case. The evidence before the court, as noted in the Presentence Report, is as follows:

> Agents discovered an active methamphetamine laboratory at the Miller's residence, including 14 glass bottles which had been used in the production of methamphetamine. Therefore, due to the size of the methamphetamine operation at Miller's residence, it is clear that the offense caused a danger to the environment and/or individuals.

PSR ¶ 20. Because the evidence supported the application of U.S.S.G. § 2D1.1(b)(13)(C)(ii), it was not deficient performance for Miller's attorney not to object. *See Moore*, 934 F. Supp at 731 (holding that failure to raise a meritless argument can never amount to ineffective assistance).

6

Also, as noted, Miller was asked at his sentencing hearing whether he had any objections to the Presentence Report that his attorney failed to raise. *See* March 2, 2012 Transcript [DE-395] at 6. Miller responded in the negative. *Id.* Consequently, Miller's second claim will be dismissed.

### 3. Recommended plea agreement with appellate waiver

In his third and final claim, Miller alleges that his attorney provided ineffective assistance of counsel when he recommended that Miller enter into a plea agreement with the Government that included a broad waiver of appellate rights. [DE-456] at 7; [DE-456-1] at 7-8. Miller concludes that his attorney's recommendation prejudiced him because he was deprived of the opportunity to appeal the enhancements that increased his sentence. [DE-456] at 7; [DE-456-1] at 8.

This claim must fail under *Strickland* because Miller has not sufficiently alleged deficient performance by his attorney. Miller's attorney's decision to recommend that Miller enter into a plea agreement with the Government was a tactical decision entitled to deference. *See Strickland*, 466 U.S. at 689 (explaining that because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence," and because there is a wide range of legitimate defense strategies in a given case, "scrutiny of counsel's performance must be highly deferential.") Under the terms of Miller's plea agreement with the Government, the Government agreed to make known to the court the full extent of Miller's cooperation. [DE-221] at 5. At sentencing, the Government advised the court as follows:

> Your Honor, [Miller] was interviewed by Special Agent Page on one occasion and he provided information, but the Government - - that we believed to be truthful and reliable, but the Government hasn't relied upon that information. He may be in line for a Rule 35, but we just haven't been able to act on the additional information he provided.

7

*See* March 2, 2012 Transcript [DE-395] at 2. Also, Miller's attorney referred to Miller's cooperation in support of his argument to the court for a sentence at the bottom of the guideline range. Specifically, Miller's attorney argued:

> You Honor, as Ms. Wells indicated, he did fully cooperate, gave all the information he had to the SBI agent. He also shared with her his recipe, how he cooked the meth, the procedure he used. Hopefully that will be of some use to the SBI in the future also.

*See* March 2, 2012 Transcript [DE-395] at 5. Thus, Miller's cooperation was before the court when the court determined the appropriate sentence. Accordingly, Miller's third claim must fail.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss Or, In the Alternative, For Summary Judgment [DE-469] is ALLOWED, and Miller's section 2255 motion [DE-456] is DISMISSED. The court concludes that Miller has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 3ʳᵈ day of March, 2015.

_James C. Fox_
James C. Fox
Senior United States District Judge