IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-229-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| BARRY LEE MILLER | ) | |

This matter is before the Court on defendant's request for eleven months of jail credit. The government has moved to dismiss defendant's request, defendant has responded to the motion to dismiss, and the matters are ripe for ruling.

## BACKGROUND

Defendant was sentenced by this Court[1] on March 2, 2012, to a term of 199 months' imprisonment following his plea of guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of a mixture containing methamphetamine. At sentencing, defendant was given credit against his sentence for eleven months served in state custody for charges arising out of the same conduct. Specifically, the Court imposed a sentence of eleven months below the bottom of the advisory Sentencing Guidelines range of 210 months pursuant to U.S.S.G. 5K2.23. [DE 395 at 11]. On March 2, 2016, defendant's sentence was reduced from 199 months to 168 months based on Amendment 782 to the U.S. Sentencing Guidelines Drug Quantity Table. Defendant then filed a motion to reconsider, seeking an additional reduction of eleven months in order to receive the benefit of the eleven-month credit that he received at his original sentencing.

---

[1] Fox, J. presiding. This case was reassigned to the undersigned on April 6, 2017.

The motion to reconsider was denied, and the court of appeals affirmed the denial of the motion. The court of appeals held that the "district court had no authority to reconsider its decision on a sentence reduction motion under 18 U.S.C. § 3582(c)(2)." [DE 605].

## DISCUSSION

In the current motion, defendant again asks the Court to reduce his sentence by eleven months, as it did at his original sentencing hearing, to account for the time he spent in state custody on charges related to the conduct that formed the basis of his federal indictment. The Court must begin by properly characterizing this motion. The motion cannot be construed as a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, because Rule 36 only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996). Because this Court does not perceive any clerical errors in defendant's sentence, and defendant does not argue that a clerical error exists, Rule 36 has no application here. A motion under 28 U.S.C. § 2255 is the proper vehicle to challenge the imposition of a sentence. *See* 28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). However, a sentence reduction under § 3582 may not be collaterally attacked by a motion under § 2255. *See United States v. Casey*, No. 7:07CR00014, 2012 WL 4513811, at *1 (W.D. Va. Oct. 1, 2012). Rather, a defendant may appeal his sentence modification under § 3582 is he is unsatisfied with the result. *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010). Defendant has not cited and the Court is unaware of any further basis for its jurisdiction to consider an additional reduction to defendant's sentence. *See* 18 U.S.C. § 3582; *Goodwyn*, 596 F.3d at 235. His motion is therefore appropriately dismissed.

Finally, and moreover, defendant's motion for further reduction in his sentence is without merit. At the time that his § 3582 motion was before the Court, U.S.S.G. § 1B1.10(b)(2)(A) and

2

(B) allowed for reductions below the low-end of the Sentencing Guidelines range *only* where a prior departure below the applicable Guidelines range was based on a substantial assistance motion filed by the government. Here, defendant's reduction below the applicable guideline range was not based on substantial assistance, and therefore he was ineligible to receive a sentence below his amended Guidelines range.

## CONCLUSION

For these reasons, defendant's motion [DE 626] is DENIED and the government's motion to dismiss [DE 641] is GRANTED.

SO ORDERED, this ⁂ day of February, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3